Dalferes vs. Maurin.

---

## No. 12,335.

### J. P. DALFERES VS. VICTOR MAURIN.

*In Matter of the Exception.*—The demand gave notice, definite enough, to the defendant of the grounds of action. No motion was made for a bill of particulars. Nothing indicated, during the trial, that the petition did not sufficiently set forth the cause of action.

*On the Merits.*—The verdict of the jury and the judgment of the court are affirmed to the extent that the testimony shows they are correct.

In those particulars that plaintiff's testimony is not corroborated, the demand is dismissed as in case of non-suit.

APPEAL from the Twentieth Judicial District Court for the Parish of Ascension. *Guion, J.*

---

*Edward N. Pugh, Howell & Pugh,* and *John Marks* for Plaintiff, Appellee.

---

*R. N. Sims* for Defendant, Appellant.

---

Argued and submitted January 6, 1897.

Opinion handed down January 18, 1897.
Rehearing refused February 15, 1897.

The opinion of the court was delivered by

BREAUX, J.    This suit was brought by the plaintiff on an account for two thousand three hundred and thirty-six dollars and seven cents.

The following exception to the petition was tried and overruled, viz. :

That the allegations are vague and uncertain; without specification as to time and place, and without informing exceptor of the nature of plaintiff's cause of action.

Subsequently the defendant, in his answer, pleaded a general denial.

The case was tried before a jury and a verdict rendered by the requisite number of nine, in favor of the plaintiff for the amount claimed.

A motion for new trial was refused, and written reasons given for the refusal.

The defendant prosecutes this appeal from the judgment.

First, as to the exception.    The plaintiff in his petition sets forth the nature of his demand, the different amounts claimed, and the respective dates of the items of the account.    In addition, plaintiff annexed the detailed account to his petition, which he alleged the defendant had acknowledged and promised to pay.

Moreover, it was not suggested during the trial that the averments were too vague to admit proof under them.

No bill of exception was reserved to the admissibility of testimony during the trial on grounds suggestive of vagueness of the petition.

This brings us to the merits of the case.

The learned judge of the District Court, in his written reasons overruling the motion for a new trial, was not favorably impressed by the evidence of plaintiff's manager, upon which he asserts the plaintiff relied for a verdict.    He says that he failed on cross-examination to explain the various items of the account sued on, and that he could not detail them to the extent of naming the persons to whom the money was advanced for plaintiff's account nor the amounts advanced to each; that he invariably answered that

he had on several occasions presented the items of account to defendant, and that the defendant acknowledged them to be correct and promised to pay them; that the defendant contradicted this evidence in every particular. That upon the testimony of these two witnesses the case went to trial, except that there were other witnesses who testified that defendant had instructed plaintiff's manager to advancec ertain amounts to other persons, although defendant swears that he did not so instruct him.

The judge explains that he did not consider, under the circumstances, that he had the legal right of reversing the finding of the jury, and supported his ruling by quoting from the work of Mr. Proffat on jury trials, which reads: "There must be palpable, unmistakable error, before the court is authorized to set aside a verdict."

As a preliminary to a review of fact, in this case, we will state that which no one denies: Proof is not admissible without plea pleaded, that the consideration was *contra bonos mores;* the only question before the court is the indebtedness *vel non* of the defendant.

We will also state, in passing, that we are not entirely in accord with the views expressed by our learned brother of the District Court, for whose good judgment we entertain the highest regard.

It is true that the authority to set aside a verdict should be sparingly exercised, and in mere questions of fact the court always interferes with hesitation and reluctance.

None the less, where the verdict of a jury is clearly against the weight of the evidence, a new trial should be granted by the judge before whom the case is tried.

We affirm, however, that which was said in the "written reasons" of the court *a qua* (in so far as relates to uncorroborated testimony) for overruling the motion for a new trial:

"The corroboration of other testimony was needful."

The testimony of the defendant unqualifiedly contradicted the testimony of the manager of plaintiff's business. But to the extent that the testimony of plaintiff's manager is sustained by other evidence, we think that the verdict of the jury and the judgment of the court should be affirmed.

The effect of the general negation, of all indebtedness, of the defendant as a witness is counteracted and neutralized by the cor-

roborating testimony of plaintiff's other witnesses (than his manager).

This leads us to an investigation of the facts, to ascertain in what particular they are corroborative.

In addition to the testimony of the manager that six hundred dollars of the account were due, and had been acknowledged as due by the defendant, Max Dupaty, not shown by the record to have had any interest in the controversy, testifies that plaintiff was indebted to him in 1895 in the sum of six hundred dollars.

He asked the defendant if he would accept a draft of plaintiff in favor of the witness for that amount. Defendant declined to accept, but said: "I owe him that amount or probably more, but that is not our agreement and I don't know what I will owe him at the end of the year."

The witness Dupaty also testified: "I know that he owed that amount."

We are also of the opinion that the item of fifty dollars paid to Mathieu merged in the cash charged, is due for the reason that with enough particularity the manager as a witness details how the indebtedness arose. It was, we think, incumbent upon the defendant to rebut this testimony by more than his sworn denial. It was not shown that Mathieu, the creditor, had left and was not within the reach of the court's process.

To the additional amount of thirty-eight dollars there is also corroborative testimony; making a total of six hundred and eighty-eight dollars ($688). There is ample testimony of record sustaining the claim made that defendant gave orders to plaintiff' manager to pay for his account to different persons. This testimony, we think, is corroborative to the amount of the indebtedness we consider proven.

The weight of the evidence, we think, sustains the correctness of the verdict and the judgment of the court to this amount. The record presents facts and testimony sufficient to a decision upon the items stated. As to the remainder of the account, to-wit: thirteen hundred and fifty-eight dollars and seven cents ($1358.07), we think that the testimony does not sustain the verdict.

"It may become the duty of the appellate court to pronounce on a question of fact in direct opposition to the verdict of a jury. Hosea vs. Miles, 13 L. 107, 110.

State ex rel. Johnson vs. Judges.

The decision just cited and the decisions in Collins vs. Hamilton, 14 L. 343; Miller, Lyon & Co. vs. Coppel & Curry, 39 An. 381, justify us in rendering a final judgment in this case in so far and to the amount the evidence and facts of record enable us to pronounce such a judgment.

As it may be that the plaintiff or his manager may explain the items of their account and support them by sufficient testimony we dismiss the demand for the balance of fourteen hundred and eight dollars and seven cents ($1408.07) as in case of non-suit.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount from two thousand and ninety-six dollars to six hundred and eighty-eight dollars ($688).

As amended the judgment appealed from is affirmed at appellee's costs on appeal.